ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| SABRINA NEGRÓN CRUZ Y MARITZA CRUZ ORTIZ<br><br>Recurrida<br><br>v.<br><br>JULIÁN VÁZQUEZ PÉREZ, IVONNE LÓPEZ DE VICTORIA, LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS Y OTROS<br><br>Peticionaria | KLCE202401135 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.: SJ2023CV02376<br><br>Sobre: Accidente de tránsito (Daños y perjuicios) |

Panel integrado por su presidente el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de diciembre de 2024.

I.

El 16 de marzo de 2023 las señoras Sabrina Negrón Cruz y Maritza Ortiz instaron Demanda en daños y perjuicios contra Julián Vázquez Pérez, Ivonne López De Victoria, la sociedad de bienes gananciales de estos (Vazquez Pérez y otros). El 10 de agosto de 2023, Vazquez Pérez y otros contestaron la Demanda. El 9 de abril de 2024, el representante legal de Vazquez Pérez y otros presentó una solicitud en relevo de representación legal. El Tribunal de Primera Instancia resolvió atender la misma en la Vista de Conferencia Inicial calendarizada para el 16 de abril de 2024.

Llegado el día de la Vista de Conferencia Inicial, el Tribunal de Primera Instancia, entre varios asuntos, estableció tentativamente el 30 de agosto de 2024, como fecha límite para el descubrimiento de prueba. Señaló la vista de Conferencia con Antelación al Juicio para el 22 de octubre de 2024. El 29 de mayo de 2024, las señoras Negrón López y Ortiz solicitaron, con éxito, enmendar la Demanda

para incluir a la Cooperativa de Seguros Múltiples de Puerto Rico como parte codemandada. El 30 de mayo de 2024, el Tribunal de Primera Instancia expidió los emplazamientos correspondientes.

El 10 de junio de 2024, el representante legal de Vázquez Pérez y otros, solicitó se aceptara una nueva representación legal. El 17 de junio de 2024, la Cooperativa de Seguros Múltiples de Puerto Rico presentó solicitud de desestimación, que fue posteriormente denegada. El 24 de junio de 2024, Vázquez Pérez y otros, presentó una *Moción de Desestimación* para remover del caso a la Sociedad Legal de Bienes Gananciales. El 2 de agosto de 2024, Vázquez Pérez y otros, presentó *Segunda Moción de Desestimación* para remover del caso a la Sociedad Legal de Bienes Gananciales. El 26 de agosto de 2024, el Tribunal de Primera Instancia notificó Sentencia Parcial archivando toda reclamación contra la Sociedad Legal de Bienes Gananciales. El 4 de septiembre de 2024, la Cooperativa de Seguros Múltiples de Puerto Rico presentó una segunda solicitud de desestimación, que aún se encuentra sin resolver.

El 13 de septiembre de 2024, Vázquez Pérez y otros, cursó a las señoras Negrón López y Ortiz un Primer Pliego de Interrogatorio y Requerimiento de Documentos para ser contestado conforme a las Reglas de Procedimiento Civil. El 16 de septiembre de 2024, estas se opusieron al pliego de interrogatorio y requerimiento de documentos cursado por Vázquez Pérez y otros. Alegaron que el término para el descubrimiento de prueba venció el 30 de agosto 2024.

El l7de septiembre de 2024, Vázquez Pérez y otros, radicó un escrito titulado *Moción en Solicitud de Extensión de Término Para Descubrir Prueba.* Alegó que el término concedido por el Tribunal de Primera Instancia era uno tentativo y que su solicitud era una meritoria. El 24 de septiembre de 2024, el Tribunal de Primera

Instancia notificó Orden declarando *No Ha Lugar* la extensión del periodo de descubrimiento de prueba solicitada. Ante ello, el 2 de octubre de 2024, Vázquez Pérez y otros, radicó oportuna *Solicitud de Reconsideración*. El 4 de octubre de 2024, el Tribunal de Primera Instancia la declaró No Ha Lugar.

Todavía inconforme, el 21 de octubre de 2024 Vázquez Pérez y otros, recurrió ente nos mediante *Petición de Certiorari*. Plantea, que "[e]rró el Honorable Tribunal de Primera Instancia y abusó de su discreción al no permitir extender el término tentativo decretado en la vista de conferencia inicial y, por ende, no permitir que la parte codemandada realizara su primer pliego de interrogatorio y requerimiento de documentos, esto a pesar de no causar dicha solicitud no causaría perjuicio a las demás partes".

A poco examinamos la determinación impugnada, notamos que se trata de una determinación interlocutoria no revisable bajo la Regla 52.1 de Procedimiento Civil.[1]  Procede la desestimación del recurso.

## II.

La Regla 52.1 dispone:

> Todo procedimiento de apelación, certiorari, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.
>
> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar

---

[1] 32 LPRA Ap. V, R. 52.1.

a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales.[2]

La transcrita disposición reglamentaria, así como todo el cuerpo de Reglas de Procedimiento Civil de 2009, es el resultado del esfuerzo por ofrecer a la ciudadanía el mayor acceso a la justicia. Se incorporaron normas cuyo propósito es viabilizar el más ágil manejo y trámite de los casos. Originalmente, en el Informe rendido por el Comité Asesor Permanente de las Reglas de Procedimiento Civil, se propuso que la Regla 52 sólo incluyera una referencia general a los demás medios utilizados para revisar sentencias y resoluciones, además de la apelación y el certiorari. Sin embargo, aunque el Tribunal Supremo adoptó las mismas el 4 de septiembre de 2009, añadió a la citada Regla 52, un segundo y tercer párrafo a los fines de particularizar las instancias en las que este Foro Apelativo tendría jurisdicción discrecional para atender asuntos interlocutorios mediante *certiorari*.

Respecto a la revisión de órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, específicamente se estableció que el recurso de *certiorari* solamente sería expedido al recurrirse de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. A modo de aclaración, la propia Regla dispuso que "[c]ualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales".[3]

---

[2] *Id.*
[3] *Id.*

No existe duda, de que el propósito ínsito en el propuesto esquema reglamentario perseguía limitar la presentación y expedición de los recursos de *certiorari* para revisar órdenes o resoluciones de naturaleza interlocutoria, que lejos de adelantar o agilizar el proceso, lo encarecen y dilatan injustificadamente.

No obstante, en el ejercicio de su facultad de evaluar y aprobar las Reglas propuestas, nuestra Asamblea Legislativa entendió que los párrafos adicionados a la Regla 52 por el Tribunal Supremo para delimitar nuestra facultad de revisión sobre ciertos asuntos interlocutorios, excluían controversias medulares que por cuestiones de política pública o interés del Estado merecían ser consideradas. Por ello, al aprobar el nuevo cuerpo de normas reglamentarias mediante la Ley Núm. 220 de 29 de diciembre de 2009, incluyó en su Art. 23 como una excepción a la norma general, la facultad de este Foro para considerar asuntos interlocutorios relacionados a controversias sobre admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia.

Posteriormente, mediante la Ley Núm. 177 de 30 de noviembre de 2010, la Asamblea legislativa amplió una vez más el ámbito de nuestra autoridad revisora. Añadió a las circunstancias que permiten nuestra intervención, "aquellos casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". Justificó la Enmienda en que, la Regla 52.1 de Procedimiento Civil,[4] al disponer de forma taxativa las circunstancias que permiten a este Foro Intermedio Apelativo revisar una resolución u orden interlocutoria dictada por el Tribunal de Primera Instancia, no

---

[4] *Id.*

vislumbró situaciones excepcionales, que requieren nuestra intervención interlocutoria para corregir errores del Tribunal de Primera Instancia.

Resulta más que evidente que la Regla 52.1 de Procedimiento Civil regula y define de forma taxativa nuestra autoridad para revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia.[5] Ergo, cualquier otra circunstancia que no se ajuste a ese ámbito de autoridad, no puede ser revisable, sino hasta dictada la sentencia correspondiente, mediante recurso de apelación.

### III.

En este caso, Vázquez Pérez y otros, pretende que asumamos jurisdicción y revisemos un dictamen que no es revisable interlocutoriamente, a tenor con las limitaciones de la Regla 52.1 ya explicada.[6] Se trata de un dictamen emitido bajo las facultades altamente discrecionales del Tribunal de Primera Instancia en el manejo de los casos, el cual, independientemente de su corrección, no puede ser revisado por este foro, a menos que se nos demuestre que no intervenir constituiría un fracaso de la justicia. Ese no es aquí el caso.

Tratando el recurso de un asunto interlocutorio no revisable bajo el palio de la Regla 52.1 de Procedimiento Civil,[7] el **único curso de acción disponible es su desestimación, por falta de autoridad en ley para atenderlo**.[8]

### IV.

Por los fundamentos antes expuesto, se *desestima* el recurso por falta de jurisdicción.

---

[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] Véanse, reglas 83(B)(1), 83(B)(3) y 83(B)(4) del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 83.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones